United States District Court
For the Northern District of California

1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7
8                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   NATALIA SIDIAKINA and SHERRYL
    BAECKEL,
10                                              No. C 10-03157 JSW
              Plaintiffs,
11
        v.                                      **ORDER DENYING**
12                                              **APPLICATION FOR A**
    JAMES G. BERTOLI, JUDGE, ET AL.,            **TEMPORARY RESTRAINING**
13                                              **ORDER**
              Defendants.
14
    _____/
15

16          Now before the Court is the application for a temporary restraining order and for an

17   order to show cause re preliminary injunction filed by Plaintiff Natalila Sidiakina, appearing

18   *pro se*.  Plaintiff seeks to enjoin Defendants, James G. Bertoli, a judge in the Superior Court of

19   Sonoma County, and all of the court's "officers, agents, servants, employees, levying officers,

20   and attorneys, and those persons in active concert or participation or privities with any of them

21   from issuing a Writ of Possession and/or taking Possession of and/or selling Plaintiff's property

22   and current resident located at 746 Adobe Drive, Santa Rosa, CA 95404."  (*See* Application for

23   Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("TRO") at

24   2.)

25          Plaintiff alleges that, as a result of proceedings in Superior Court, Defendants seek to

26   "unlawfully take [the home] from Plaintiff and give it to Plaintiff's ex-husband and have

27   scheduled the issuance of Writ of Possession" for February 14, 2011.  (*Id.*)  Plaintiff contends

28   that she is a cognitively disabled person and was unable to understand the contents and

United States District Court

For the Northern District of California

1   procedures of the state court proceeding.  She further contends that, as a result of her

2   disabilities, including panic attacks and a phobia of Defendant Judge Bertoli, the proceedings

3   resulted in an unfair stipulation which she signed and which authorized the transfer of

4   possession of the home to her ex-husband.

5           Additional facts shall be addressed in the remainder of this order.

6                                         **ANALYSIS**

7           In order to obtain a temporary restraining order, as with a preliminary injunction,

8   Plaintiff "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer

9   irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her]

10  favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense*

11  *Council*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The *Winter* court also noted that

12  because injunctive relief is "an extraordinary remedy" it "may only be awarded upon a clear

13  showing that the plaintiff is entitled to such relief."  *Id.* at 375-76 (citing *Mazurek v. Armstrong*,

14  520 U.S. 968, 972 (1997) (*per curiam*)).  Thus "[i]n each case, courts 'must balance the

15  competing claims of injury and must consider the effect on each party of the granting or

16  withholding of the requested relief.'  *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480

17  U.S. 531, 542 (1987)).  "'In exercising their sound discretion, courts of equity should pay

18  particular regard for the public consequences in employing the extraordinary remedy of

19  injunction.'"  *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

20          In adjudicating whether Plaintiff has demonstrated that she is likely to succeed on the

21  merits of her complaint, Plaintiff must demonstrate that she has stated a viable cause of action.

22  Notwithstanding the invocation of Section 1983, Plaintiff fails to state a claim upon which relief

23  can be granted in this matter because (1) her claims are barred by the doctrine of absolute

24  judicial immunity; and (2) this Court lacks jurisdiction to review state court judgments.

25          Section 1983 provides, in pertinent part, that "in any action brought against a judicial

26  officer for an act or omission taken in such officer's judicial capacity, injunctive relief *shall not*

27  *be granted unless* a declaratory decree was violated or declaratory relief was unavailable."  42

28  U.S.C. § 1983 (emphasis added).

United States District Court

For the Northern District of California

Judges listed as defendants in this matter are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."); *see also Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id.* (internal citation omitted).

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted).

Having carefully reviewed the allegations in the complaint currently on file as well as the description of events in Plaintiff's present application for a TRO, the Court concludes that each of the four factors set forth above demonstrates that Plaintiff's allegations against the Defendants arise from judicial acts that occurred during the course of the state court proceedings.

In addition, Plaintiff's claims also fail because this Court lacks jurisdiction to review state court judgments. The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must

decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).  Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted).  Accordingly, Plaintiff's claims against Defendants do not state a viable claim on this basis as well.

Because Plaintiff has failed to state a claim against Defendants in this matter upon which relief can be granted, she cannot demonstrate that she is likely to succeed on the merits. *See Winter*, 129 S. Ct. at 374.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs' application for a temporary restraining order and order to show cause re preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: February 10, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1]  Because the Court has granted Plaintiffs their request to file a second amended complaint that may be able to state a claim upon which relief can be granted, the Court cannot dismiss the case in its entirety.  However, the Court again exhorts Plaintiffs, to the extent they still intend to file an amended complaint, that claims against judicial officers acting within their normal judicial function and official capacity are subject to immunity and shall be dismissed.  A second amended complaint shall be filed no later than February 25, 2011.  Failure to file a complaint stating a claim upon which relief can be granted by that date shall result in dismissal of this action.

United States District Court
For the Northern District of California

1          UNITED STATES DISTRICT COURT

2                    FOR THE

3          NORTHERN DISTRICT OF CALIFORNIA

4

5
NATALIA SIDIAKINA et al,
6                                      Case Number: CV10-03157 JSW
                Plaintiff,
7                                      **CERTIFICATE OF SERVICE**

8    v.

9  JAMES G. BERTOLI et al,

                Defendant.
10  _____/

11
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
12  District Court, Northern District of California.

13  That on February 10, 2011, I SERVED a true and correct copy(ies) of the attached, by
    placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
14  listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
    inter-office delivery receptacle located in the Clerk's office.

15

16

17  Natalia A. Sidiakina
    746 Adobe Drive
18  Santa Rosa, CA 95404

19  Sherryl Baeckel
    10520 Village Road
20  Moreno Valley, CA 92557

21  Dated: February 10, 2011

22                                      *Jennifer Ottolini*
                                       Richard W. Wieking, Clerk
23                                      By: Jennifer Ottolini, Deputy Clerk

24

25

26

27

28